17 years after his conviction, Christopher Marrero had completed his federal sex offender registration obligations. That is because his New York attempted statutory rape conviction was not a Tier 2 sex offense. The government concedes that the statute in effect when Mr. Marrero pleaded guilty and was sentenced was not a Tier 2 sex offense. That should end the inquiry. Why? Why should that ever end the inquiry? The point is what crime did he commit and be convicted of, not when did he plead guilty. No, the point is what crime he was convicted of. He was convicted of a statute, 13030, and there was only one version that was in effect at the time he was convicted. No, no, that can't be the case. We're not looking for a categorical match of the statute number. We're looking for a categorical match of what the statute that was the basis for his conviction was. The content of it, was it the same? It would be an assume for the moment the fact that the government is urging. There may be problems with how you get there and find that fact. But assume that the act that he committed and was charged with and convicted of took place before the amendment of the statute. He could not be legally convicted under New York State law or under the ex post facto clause of violating a statute that was not passed until after he committed the crime. Your Honor, that's not correct. And it's not correct for a number of reasons. First, here what we have is a guilty plea. We have no idea what he was originally arrested for. We do not know what he was originally charged with, and we certainly don't know what the actual conduct is. As Your Honor has written in United States v. Moreno, New York State law allows guilty pleas to nonexistence offenses. In that case, reckless attempted assault. New York State law does not require in a guilty plea context that somebody raise affirmative defenses. Let me ask you this. The real issue here, isn't it what statute applies to your client's conviction? Is it the earlier version or the second version? Is it the version that he was charged with versus the one when he ultimately pled guilty to which reduced the age? It was actually a broader statute that encompassed greater criminality. But here's my question. Hasn't this court said that when looking at the applicable law, the applicable statute, we look to New York law? Of course, Your Honor. Okay. And under New York law, this was not a retroactive statute. Therefore, what he was charged with, the statute he was charged with was the statute in effect, which made it a crime, clearly, to have sex with someone under the age of 14 or younger versus 15 in the new statute. So if you agree that New York law is what governs our decision of which version of the statute applies, doesn't New York law say that this is not retroactive and that the statute, the version of the statute that he was charged with is the applicable one? Your Honor, there is no record about what statute he was charged with. That is absent from the record. Well, don't we know? He was charged before the statute was amended. He was charged with something. He was arrested on a date before the statute was amended. We have no information about what he was charged with. We don't know if he was charged with forcible rape that was dropped to attempted statutory rape, which is completely plausible. We don't know if he was charged with burglary but then said to attempted statutory rape. This is a plea bargain context. And in that context, just as Your Honor has said in Moreno, to give defendants the benefit of their plea bargain. In a plea bargain context, particularly in New York State, you do not need a factual basis. Wasn't he charged with this particular violation? No, Your Honor. There's no information about that. What do you mean there's no information? I mean we have one piece of paper, one record about this conviction. That's the certificate of disposition. It tells us the arrest date. It tells us the statute of conviction. And it tells us the sentencing date. It does not say what the charge was on the original arrest. And your position is what follows from that omission? That's what the government's entire argument relies on. Their argument relies on him being charged with the old version of the statute and then him being convicted of that same statute. We do not know that that happened, and there's really no reason to imagine it did. In New York State, unlike in federal court, there's no Rule 11 colloquy that requires everybody to fully allocute to the facts. It does not even require that you are allocuting to an existing crime. And what are the implications of that for this categorical approach problem we're considering? The implication is that under the categorical approach, all we looked at are the elements of the offense of conviction, which also here is we only have the offense of conviction. We don't know what happened before. The categorical approach tells us to look at that and compare it. But you want to have it both ways because what you just said is we look at what he pled guilty to only. But if under New York law, do you agree that under New York law, the new version of the statute, okay, is not retroactive? Meaning if I plead guilty today to committing the same offense, but having committed it before the statute was changed, that I have, that the court has to be satisfied that the elements of the offense that was applicable at that time have to be satisfied. Do you agree with that? No, Your Honor. No? I disagree because this case has nothing to do with retroactivity.  That's not my point. My point is under New York law, a statute is not retroactive unless it's an ameliorative statute, which this one is not. And my point is at the time the judge took the plea for an offense that occurred for a violation of a statute that was in effect at the time of the date of the offense, wouldn't that trial judge have to make sure that the elements of the offense that existed at the time of the offense, which was not the date of the plea, but the date the offense was committed, were satisfied? No. Why not? First, here we have a guilty plea. New York State does not require a trial judge to do that. New York State does not require a full factual elocution. I understand about the factual elocution. I'm talking about when a defendant pleads guilty to committing an offense. The court would have to find, unless New York dispenses with all of that, having been a trial judge, you have to find, and as a former federal attorney, that to accept a plea, that the defendant understands what the elements of the offense are and that he or she is giving up their right to go to trial and to force the state or the federal government to prove these elements beyond a reasonable doubt. No, but what you're saying is that there are material differences between what's required in New York and what we require here under Rule 11. That's right. Tell me again what the material differences are. The differences are, in New York State, you can plead guilty to a nonexistent offense. And that's what Judge Lynch talked about in United States v. Moreno about an attempted reckless assault. Because that can be rational in the plea bargain context. In New York State, you can also plead when there is not a factual basis. You're not required to establish that. Here, it's easier because we just do not know what the original complaint was, what the original charge was.  You can get to the categorical approach because of that missing element in the record. You can get to the categorical approach, and you apply it to the statute of conviction, which the record says nothing about being anything other than what it purports to be. But under New York State? I'm sorry. I didn't hear the answer to my question. It simply says that the statute of conviction is the attempted statutory rape statute, and that the guilty plea happens in March 2001. And there's only one version in effect there. If Mr. Moreno – No, that's not quite right. But let me try and restate your point a little bit. You're saying it's at least ambiguous because it's referring to a statute by number. And the problem is that the statute by number could mean one of two things. It could mean the statute as it exists at that moment, because certainly someone could plead guilty after the effective date of the statute to having violated the statute that went by that number previously that had different elements. Right? That's, of course, a possibility. Perhaps not. So what you're saying is not that we know for sure that he pled guilty to the statute as it existed at the time of his plea. You're saying we cannot tell. That could be the case based on the only document that is a Shepard document that the government has available. It's not only that it could be the case. There's no reason to think it is not the case. It's just that we're not allowed to look at them because of the categorical approach. But, no, Your Honor, we don't have any non-categorical. We don't have the plea minutes here, and we don't have a trial. But, counsel, if New York law, if the New York Court of Appeals has said when someone pleads guilty to an offense and the statute has changed, there is no retroactive application unless it's expressly stated. So if we're dealing with a statute that has no retroactive application, how can we not be then certain whether the offense existed or not, whether it's a reduced, you know, as a result of a plea bargain, the charge is reduced, whether the defendant did it under the Alford plea because he didn't believe he committed that offense. The point is, if New York law tells us that when you plead guilty to an offense, it is the statute that was in effect at the time of the date of the offense unless the new version is retroactive, how does that not answer the question, counsel? New York law does not say that, Your Honor. The government has cited two New York cases that deal with trials. At a trial, you can raise all sorts of affirmative defenses. Those are defenses that you waive in the guilty plea context. The government has not put forth any cases that relate to the guilty plea context where you are not asking for retroactivity. You are pleading to a statute in effect at the time of your plea. And it is extremely important here. But I don't understand how you reach that conclusion. All we have is a document that says this is the statutory offense of conviction. That could perfectly well mean the statute that applies to a previous date. That's exactly what the certificate of disposition would look like if the government is correct. You're just saying it happens to be the case also that the certificate of disposition would look exactly the same way if he had been charged with some greater offense once before and now is pleading guilty to something that he did yesterday. But that's speculative, Your Honor. First, I don't know if the certificate of disposition would look the same. If the certificate of disposition was meant to cite to an earlier statute, it could put that in parentheses. There's no earlier statute. The prior version, Your Honor. Yeah. It would put in parentheses the year of the prior version. Well, maybe, but again, maybe we're just talking across purposes. But I think your strongest point is probably that the certificate of disposition is just an inadequate document because we know, for example, that the certificates of disposition used to always default to subsection 1 whenever there was a subsection. If the statute, you know, if whatever they were looking at when they filled it out didn't have 1, it would automatically say subdivision 1 even if that wasn't the actual subdivision. So these are not very good documents. Right. But I don't see any reason to think that it would have to say prior version. All it does is say what the statute number is. And the Kavanaugh-Gorbel reproach requires certainty. It requires the government to prove with certainty that Mr. Marrero, the minimum conduct of his statute meets tier 2. They have not met that. Counsel, what are we to do with the New York Court of Appeals decisions, the first one in People v. Oliver, which is a 1956 case, but then as recently as 2023 in People v. Nadala, 179 N.Y.S. 3rd at page 612, 613, the court said, look, unless it's expressly stated the offense, the elements of the applicable offense are the offense that was in effect at the time of the offense, the date of the offense, not the date of the plea. How does that not apply here? First, we do not know the date of offense here, and you can't ignore that. What do you mean we don't know the date of the offense? Because we don't know the conduct charged, and we don't know when it happened, whether it was the date of the arrest, whether there was a subsequent event. That is what caused him to ultimately plead to this. That's first. Second, the new case that Your Honor cited about gravity knives, that's not like this case. In that case, the person pled guilty on time one. Subsequently, the court, the legislature, changed the law. That person appealed and said, apply the new law retroactively to my old guilty plea. That's not what we have here. The law had already changed when he pled guilty. When he reached a plea bargain, the law had changed. The categorical approach expressed the case. But the principle is the same. The principle is the same, which statute applies, the one in effect at the date of the offense or the one at the time of plea? No, Your Honor. In the case of the gravity knife, there was only one statute that existed when that person pled guilty. Gravity knives were illegal. Subsequently, that was changed. But the New York law doesn't base it on, it bases it on the elements of the offense at the time of the offenses committed, not at the time of plea. Because a number of things could happen. Either the statute could change prior to plea, or it could change after the plea. So notably, Your Honor, there are no cases about guilty pleas like Mr. Moreno's where assuming for the moment that the offense happened before the law changed and the plea happened afterwards, the government doesn't cite any cases like that? Is there any real question here, counsel, that he was arrested prior to the statute changing? So presumably the conduct had occurred, unless we're living in an alternate world or a parallel universe where the dates don't match. If he's arrested, it's presumably for an offense that has occurred, not one that's going to occur in the future, right? Of course, Your Honor. But your point is that in a plea bargaining context, you don't know what actually he did. Correct, Your Honor. And there's your, I'm interested in the government's response to this, but your position is there's no definitive document in the files that purports to show, you know, on such and such a date the defendant engaged in such and such a conduct. So we cannot know, again, unlike the federal system. Correct, Your Honor. And that is why the court has the categorical approach, not to imagine and speculate what did Mr. Marrero do 23 years ago? When was the conduct? Was there an intervening event? How did plea negotiations happen? Was it a drop down? You don't do that. Instead, you use the categorical approach, which requires the government to show with certainty that the minimum conduct of the statute matches, is a match. Right. So let's get back to what is ambiguous and not try to claim too much and talk about maybe he pled guilty to some nonexistent anything. What your basic point is, is we know when he was arrested, but we don't know what he was charged with when he was arrested. The government is assuming, is your point, that he was arrested for the very crime that he pled guilty to eventually. Correct. And that's just an assumption. That's not something that is rooted in a Shepard document. Right. It is entirely possible that he was arrested for an entirely different crime, and then at some point after the statute had been modified, he committed this attempted statutory rape. Yes, Your Honor. Or more plausibly, perhaps he was arrested originally for a forcible rape, which did not require a particular age, and after the statute changed, he was able to plead to the attempted statutory rape statute. All kinds of things could have happened, and we don't know. And whatever police report somebody might come up with or pre-sentence reports or anything else, they don't count. Correct. And we don't have a Rule 11 transcript like we would have in federal court. Correct. And we have no transcript. The defense tried to get the plea transcript, and they instead had to submit a document, a certified document. It did not exist. Okay. Thank you. Good afternoon, and may it please the Court. My name is Andrew Wang. I am an assistant United States attorney in the Eastern District of New York, and I represent the government in the district court. Mr. Wang, am I correct that this individual committed apparently a crime, pled guilty to a crime of attempted statutory rape when he was 19 years old and had basically a clean record and a record of full compliance with the SORNA and other reporting requirements for 17 years, and then he failed to report a move 17 years after he'd been complying with this statute? And the Eastern District of New York thinks that it's necessary to pin a criminal conviction on him rather than simply to tell him, you know, you've got another however many years to go of living with this reporting requirement? Your Honor, that's not quite right on the facts. I would have to get into facts outside the record to clarify, but it's not correct that this appellant had a completely clean record for 17 years. Recognizing that the facts are outside this appellant record, the appellant, in fact, was arrested and prosecuted in Florida for not complying with his sex registration requirements in that state and was sentenced to a term of incarceration. After he was released, he did re-update his registration with Florida and, in that sense, complied with his state and federal obligations. I see. So then he had another—this is a second round for him. Yes, and of course— So he was a recidivist non-register, and it's the government's position to follow up on Judge Lynch's question that your office, the Eastern District, thought that this conduct required a felony indictment. Yes, Your Honor. The office felt this prosecution was merited because that was the policy preference expressed by Congress. Congress has stated that for certain— You're not talking about the policy expression, Your Honor. You're talking about the judgment of your office. Yes, Your Honor. Well, the office believes strongly that— All laws should be enforced. No, Your Honor. I'm not saying that discretion isn't warranted in cases on—as a case-by-case basis, but in the SORNA context, the law criminalizes knowing and willing failure to register as a sex offender in required jurisdictions for 25 years. And the reason why that time is so long is because Congress has decided that it is important that people previously convicted of sex offenses inform the public of that fact. What did he do to get his initial conviction? Your Honor, he committed statutory rape in— No, I thought it was attempted statutory rape. Well, again, the facts— What did he do? Well, according to the documents producing discovery to the appellant, he had sexual intercourse with a 13-year-old minor three times when he was 19. But those are documents that we're not allowed to look at. That's correct, Your Honor. Now, of course, addressing the points made during opposing counsel's presentation, I'd first point out whether or not the appellant committed statutory rape based on the facts as described by the government. That argument was never raised before the district court. It wasn't even raised in the briefs. They've never challenged the idea that the conduct here satisfied the requirements of that statute. Also, this discussion of whether or not he may have committed— I think their position all along has been that under the categorical approach, this needs to be a tier two offense. This has to be a categorical match with a federal statute. And we don't know that it is, that the offense of conviction is, without consulting records that are not authoritative as to what his conviction is for. That's correct, Your Honor. That's the heart of the issue. I'm merely pointing out that apparently for the first time, appellant is arguing that, in fact, he may have committed a different crime and may have pled to a different offense as part of the plea agreement. No, the whole point is the same point that they've been making all along, which is you cannot tell from the only document that is available that is an authoritative record, you can't tell anything other than that on a certain date after the statute was changed and therefore no longer a categorical match, he pled guilty to an offense of a specific—violating a specific New York statute. And we can't tell on what date he says he committed that offense from that document. We only know that he was arrested sometime before, but we don't know what he was arrested for from the face of that document. Isn't that right? Your Honor, it's correct that the date of the arrest does not specify what he was charged with at that time. He was arrested in, I believe it was November of 2000. Right, he was arrested at a time, just as probably thousands of people were arrested on any given day in the city of New York, when there was a certain state of the law with respect to statutory rape. Most of them, that had nothing to do with because they weren't charged with statutory rape. Maybe he was, but we don't know what he was charged with on the day that he was arrested. We only know that many months later, he pled guilty to violating a statute. Well, Your Honor, it was only four months, as the appellant has pointed out. And the statute was— Yeah, but anything could have happened in those four months, right? Yes, anything could have happened. He might have committed attempted statutory rape during those four months or during the period of—during the last month or so when the new law was in effect. I suppose it is technically possible that in the months— Would there have been a subsequent arrest? So somebody is arrested for an offense, and then while pending arrest, they commit another offense. Would that be a different docket number? In other words, as I look at your AA Record 13, which is the only page of conviction, it says date of arrest, November 12, 2000. And then it has that on June 9th, he pled guilty before— No, on March 12th, he pled guilty before Judge Meyer. So let's assume the hypothetical. He commits another offense between the date of the arrest and the date he pleads guilty to this offense. So presumably some other conduct is informing the plea. Would that have been a different arrest date? In other words, he'd have to be served with a new—presumably a new charging document with a new arrest date. Yes, Your Honor. I think you're completely correct. In New York, when you are—you can dispose of more than one case at the same time, but the documents will reflect different case numbers. In this case, there is only one case number. Yes, so there's a—so it would not be the strangest thing in the world to have a superseding information that satisfies whatever previous thing had happened by reference to, okay, he's going to plead guilty to this new thing that we discovered and charged him with. Well, Your Honor, I take it in this hypothetical the offense occurred after the change in the statute. Yeah. Again, there's nothing on this doc—the face of this document that suggests that's what happened here. Of course there's not, because the document is a bare-bones nothing. Yes, but the only reasonable inference from this document is that the date of arrest correlates with— Yeah, but in the world of the categorical approach, we're not reasonable at all. Well, Your Honor— We have all those extraneous documents that we're not allowed to look at that show what he was charged with back then and so on, but we're in an—we are in an alternative universe here. Yes, Your Honor. Setting aside this particular case or the certificate of disposition, the appellant is advocating for a rule that is clearly unworkable for all the reasons that have been expressed earlier. Under New York law, it's very clear what controls in terms of a pending prosecution when the law changes. Yes, on the assumption, if you make the assumption that he was arrested in that girl's bedroom back in November of whatever year, that he's charged then in some kind of complaint or maybe even indicted for this very offense, and then after months of negotiation, he pleads guilty to that offense. Obviously, he would have pled guilty to the offense as it existed at the time he committed it and was charged with it, and we'd all go home happy. The problem is that if we are not allowed to consider any of the documents that show what he was actually accused of doing back at the beginning, and we don't have any authoritative document that shows exactly what conduct he agreed he committed when he pled guilty, we've got a problem under the categorical approach. Let me ask you this. What if this page A13 said, you know, a review of the records, they're certifying that on 3-12-2001 before the Honorable Meyer, then a judge of this court, the above-named defendant entered a plea of guilty to the crime of attempted rape in the second degree and cites the statute. If it had just said committed on October 2000, would we be having this same issue? Your Honor, I think that would certainly address Judge Lynch's concern. And let me ask you another question. We're talking about five more years of registration. At this point, 25 years, he pled in 2001, ends in 2026, correct? Yes, Your Honor. Now, he's currently registered or compliant? I have not checked with state authorities recently as to the statute. So we don't know. And you were asked questions about your office's decision to pursue this in terms of registration. Leave aside the issue of whether you put a felony conviction on someone for failing to register. Is part of the equation a concern that if this defendant were to engage in similar conduct, the claim would be why didn't the authorities make sure he was registered and put the public on notice? Well, certainly, Your Honor, I think that's one of the core concerns for any kind of SORNA prosecution, especially so in a case such as this where he had previously failed to register with state authorities in Florida and was prosecuted. So in that sense, he was a recidivist. Your Honors, unless the panel has additional questions, I'm happy to rest my submission. Seeing none. So after this argument, I'm uncertain as to your office's position as to why the categorical approach continues to apply here. Your Honor, we have not conceded that the categorical approach applies. We've simply not cross-appealed in this case as to that issue. The district court did find that the categorical approach applies. The appellant did not appeal that. We did not cross-appeal it. Does it apply? We submit that the panel can assume that without deciding it. Certainly, there are precedents. If you wanted to decide it, does it apply? Your Honor, I believe the weight of authority from other circuits would suggest that it does apply in this case. That it would? The weight of authority suggests that it would apply in this case, yes. Is that why your office chose not to challenge the district court's application of the categorical approach? Because every circuit that has looked at this has applied that approach? Given that that is the prevailing direction of the law, the office— I'm not trying to get into the attorney-client. I understand. Sorry. Of course, Your Honor. Thank you. Unless there are additional questions, we would request that the panel affirm. Thank you. Thank you. Just to address briefly the factual questions asked by the court about Mr. Morero's current registration, he currently is on supervised release because of this conviction. He was sentenced to time served in supervised release. He is registered both federally and in New York State. And indeed, his New York State registration requirements are different from the federal registration requirements and will continue regardless of what the court decides. For how long, counsel? I'm sorry? New York State, my understanding is it's life. For life, okay. But don't quote me on that. So just to clear up that issue, the burden here is on the government and is to show with clarity that the categorical approach, under the categorical approach that the offenses match. The reason that the government, and I think they are conceding that the categorical approach applies, isn't just that every other circuit has applied it. It's because this is exactly the sort of situation where it applies. The statute, SORNA says, asks the court to compare offense to offense. That's what the categorical approach is for, and it's to make the court's job easier, to avoid these questions, factual questions about extremely old convictions that have no answer. We cannot go back and say, what did Mr. Morero say at that guilty plea? Well, we have an answer in this case. It's just that if we apply the categorical approach, your position is we don't based on the one document we can rely on, which is his plea. But if it wasn't, the reasoning behind it, the categorical approach, you're right, is that. But in this particular case, we do have information. We have a PSR. We have some information, a sentence, pre-sentence report. We have some information that tells us precisely what his age was, what her age was, and what the conduct was. You only have information that the Supreme Court and this Court and all courts across the country have repetitively said is not reliable. Right, right. Well. So it's not reliable. It's not reliable for anything. It's not reliable. But it will be told not to you. Correct, Your Honor. As Stewart Cohen says, it's not. And so to go to Your Honor's question to the government about whether a new arrest number would be issued back in 2001, depending on what had happened, the government doesn't know the answer to that, respectfully. I'm not 100% sure, but I think that Judge Lynch is right that it wouldn't have to be. Well, in plea bargaining, someone could plead to something, but then there would be an amended, pled to a superseding complaint. But if somebody is charged, there typically would be a new complaint and a new docket number. So, Your Honor, again. Presumably. With respect to New York State. Not even in Federal court, at least in the Southern District of New York, the only thing would be S whatever. You could have a superseding information or a superseding indictment that brought entirely different charges into the same case. The point is, we don't know with any clarity what the deal was in Florida 15 years ago. Right. What the conviction was originally. That's exactly right, Your Honor. And that's why Mr. Marrero prevails here. Because the government concedes that under the new version of the statute, in effect, when he pled guilty, is not a tier two offense. Mr. Marrero should never have had to register under SORNA at that time. Thank you.